## ABIJAH ELLIS *versus* MOSES KIMBALL.

**A** declaration alleges, that the defendant published of and concerning a certain court martial and of and concerning the plaintiff as a member thereof, a defamatory libel and caricature, consisting of a lithographic picture and representation of the court-martial and of the plaintiff as a member thereof, in which caricature the court-martial and the plaintiff as a member thereof are pointed out by their position and certain grotesque resemblances, and are represented and exhibited in an awkward and ludicrous light, posture, and condition. After verdict it was *held*, that it was averred with sufficient certainty that the plaintiff was specifically and individually libelled.

*Held* also, that the libel was set forth with sufficient certainty ; for the degree of certainty required in such a case depends on the subject matter, and where the ridicule consists mainly in ridiculous postures and movements, the use of language somewhat general and indefinite is unavoidable.

**As** a caricature picture frequently consists of figures of persons and of written language attributed to them by labels apparently issuing out of their lips, it was *held*, after verdict, that an allegation that the plaintiff was represented in such a picture as speaking certain words, was a sufficiently certain averment that these words were attributed to him.

CASE for a libel. The declaration alleges, that whereas the said Ellis is, and from his youth up hitherto has been, a good, true, honest, and just citizen of this Commonwealth, &c. ; and whereas, at the time of committing the several grievances by the said Kimball as hereinafter mentioned, and long before, said Ellis was, and still is, a lieutenant colonel of

the fourth regiment in the first brigade in the third division of the militia of this Commonwealth, and as such officer has ever been well esteemed, &c. ; and whereas also before the committing, &c., a certain militia court-martial had been convened in said Boston by order of his Excellency the Governor, to wit, on the twentieth day of February last, for the trial of one Grenville T. Winthrop, then or late a lieutenant colonel of the division corps of Independent Cadets, upon certain charges and specifications theretofore prepared and then pending against him, of which said court-martial said Ellis was duly detailed and returned to constitute one to hear and try said case ; and said Ellis did take his place and was sworn according to law, and did act as a component part of said court-martial during said trial, as by the laws of the Commonwealth he was obliged and bound to do, to wit, at &c., on &c. ; yet the said Kimball, well knowing the premises, but greatly envying the happy state of the said Ellis, and wickedly and maliciously intending and contriving to injure said Ellis in his good name, &c., and to cause it to appear and be believed that said Ellis acted from low, mean, and disgraceful motives, and especially while acting on said court-martial, did, on &c., at &c., falsely and maliciously contrive, compose and utter and publish, &c., of and concerning the said Ellis, and of and concerning the said court-martial, and of and concerning said Ellis as a component member of said court-martial, a certain false, scandalous, malicious and defamatory libel and caricature, consisting of a lithograph picture and representation of said court-martial and of said Ellis as a member thereof, in which said libel, caricature and picture said court-martial, and said Ellis as a member thereof, are clearly marked and pointed out by their position and certain grotesque resemblances, and are represented and exhibited in an awkward, ludicrous, and contemptuous [contemptible] light, posture and condition, and particularly said Ellis is therein and thereby represented as saying " he " (meaning said Winthrop, the respondent before said court) " had ought to be rammed into a six-pounder and picked out at the touchhole," thereby imputing to said Ellis low and vulgar language, views, and motives ; and said Kimball did then and there cause said libel carica-

Ellis
*v.*
Kimball.

ture and picture, to be widely disseminated and placed at the shop windows in said Boston, to wit, at said Concord, whereby and by means of all which the said Ellis has been greatly injured, &c., and has suffered in his good name, reputation, and character, both as a man and an officer in said militia of the Commonwealth, and is brought into public scandal and infamy and disgrace amongst the good citizens aforesaid.

After a verdict for the plaintiff, the defendant moves that judgment be arrested, because there is no legal cause of action set forth in the declaration; and because the declaration is uncertain, unintelligible, and insufficient.

*Oct. 16th.*

*Hoar*, in support of the motion, objected that the defendant is charged with publishing a libel upon the court-martial and upon the plaintiff as a member of it, and not upon the plaintiff as an individual, and the action therefore could not be sustained; *Hawkes* v. *Hawkey*, 8 East, 432; 3 Chit. Crim. Law, 874, cites Sayer, 280; Holt on Libel, (Bleecker's edit.) 246, 247; *Sumner* v. *Buel*, 12 Johns. R. 475; that the allegation, that the court-martial and the plaintiff as a member of it are pointed out by their position and certain grotesque resemblances, is uncertain, inasmuch as it does not appear what position and what resemblances are meant; and that the libel is said to consist of a lithographic picture, without any averment that it consisted partly of words, and yet it is alleged that the plaintiff is represented as saying certain words; 3 Chit. Crim. Law, 875; *Rex* v. *Horne*, Cowp. 683; *Cook* v. *Cox*, 3 Maule and Selw. 110; *Ward* v. *Clark*, 2 Johns. R. 12.

*H. H. Fuller* and *Walcott*, for the plaintiff.

*Oct. 18th*

SHAW C. J. delivered the opinion of the Court. It is now impossible to contend, that a man may not be as grossly libelled, as effectually exposed to hatred, contempt, and ridicule, by a caricature as by written language. Indeed to say, that a man is *shown up*, a phrase which manifestly has its origin in graphic exhibition, though it may be used figuratively as expressive of other modes of assailing reputation, is used to express significantly and strongly, that his pretensions to character and reputation are put down. Without contesting

this general principle, the counsel for the defendant have moved in arrest of judgment, on the ground, that the scandal upon the plaintiff individually is not charged in the declaration with sufficient distinctness.  The first exception is, that it is rather charged as a libel upon the court-martial than upon the plaintiff.  The principle is undoubtedly correct, that where slanderous or libellous matter is published against a class or aggregate body of persons, an individual member, not specially included or designated, cannot maintain an action, for this, among other reasons, that the body may act very corruptly or disgracefully, yet the individual may have been in the minority and may have opposed the measures alluded to.  But where many individuals are severally included in the same attack, whether by the language of the satirist or the pencil of the caricaturist, the plaintiff is not the less entitled to redress, because others are injured by the same act.  Then the question is, whether, on the whole, the declaration does aver with sufficient certainty, that the plaintiff is individually held up to contempt.  What is said about the existence and sitting of the court-martial, is material by way of averment, to give effect to the other parts of the charge, but so far as the declaration alleges, that other members of the court-martial itself were held up to ridicule, it may be deemed to contain mere surplusage

The declaration, after the usual averments and *colloquia*, goes on to state that the defendant composed and published a defamatory libel and caricature consisting of a lithographic picture and representation of said court-martial, and of the plaintiff as a member thereof, that said court, and the plaintiff as a member, were pointed out, and represented in an awkward, ludicrous, and contemptuous [contemptible] light, posture, and condition.

Two exceptions are in effect taken to this : first, that it is an attack upon the court-martial ; and secondly, that the awkwardness &c. are not described with sufficient certainty.  The answer to the first is already intimated, that the averments respecting the court-martial were proper to introduce the representation of the plaintiff specifically as a member, and the

Ellis
*v.*
Kimball.

declaration states with sufficient certainty, that the plaintiff was specifically and individually exhibited.

In regard to the other part of the objection, the degree of certainty required must depend on the subject matter, and where the ridicule consists mainly in ridiculous attitudes, pos tures and movements, the pleader must content himself with using language somewhat general, and insufficient to exhibit the scene as vividly to another as the picture itself. Suppose the ridicule consists in a certain peculiar expression of countenance ; if the artist is ingenious and in any considerable degree successful in his design, his work will be indescribable

But there is another averment, which is, that the plaintiff is therein represented as saying certain words, stating them. It is argued, that a picture cannot represent one as speaking certain precise words, though he may be exhibited in a speaking attitude. But after some consideration, the Court are of opinion, that this is sufficiently certain after verdict. It is a matter of general notoriety, that a caricature picture or print, may consist of a combination of figures, and written language, attributed to them by labels, apparently issuing from their lips. When therefore it is alleged, that one is represented in a caricature, lithographic picture, as speaking certain language, it seems to be a sufficiently certain averment, that this specific language was attributed to him.

*Motion overruled.*