## William M. Story v. Charles W. Jones.

1. SLANDER—*Words Not Actionable in Themselves.*—To say of a man that he belongs to the Missouri Home Guards, and that it is a band of robbers, is not actionable *per se*.

2. SLANDER—*Measure of Proof.*—Proof of enough of the identical words charged to constitute substantially the imputation of the whole is sufficient.

Story v. Jones.

**Memorandum.**—Action for slander. In the Circuit Court of DeWitt County; the Hon. Cyrus Epler, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for defendant; plaintiff appeals. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

F. B. McKennan, Fred Ball and R. A. Lemon, attorneys for appellant.

V. Warner and Fuller & Ingham, attorneys for appellee.

Mr. Justice Pleasants delivered the opinion of the Court.

Action on the case for slander brought by appellant; plea, not guilty; trial by jury and judgment on verdict for defendant.

The words charged in different counts were, " William Story belonged to a band of robbers " in Missouri. " He was a thief." " He was a horse thief." " He belonged to a band of robbers." That defendant " understood he (plaintiff) belonged to the Home Guards in Missouri, and they were reported to be a band of cut-throats, horse-thieves and robbers," meaning and intending to charge that the plaintiff was associated with other persons in committing murder, stealing horses and committing robbery.

It appears that on one occasion the defendant was speaking to two persons of the plaintiff, one of whom testified that he called him " a thief," but the other contradicted him and the defendant also emphatically denied it.

On another he was speaking to three, each of whom testified that he said the plaintiff " belonged to a band of cut-throats, horse-thieves and robbers in Missouri." Defendant stated that what he told them was that he had always heard the plaintiff belonged to the Missouri Home Guards, and that the people of Missouri told him that the Missouri Home Guards and the rebel Home Guards were both cut-throats and robbers; and that he didn't know whether plaintiff belonged to them or not. Two of the three witnesses referred

to also say he said plaintiff belonged to the Home Guards in Missouri.

The parties have long been neighbors—all their lives, excepting the five or six years that plaintiff was in Missouri —on adjoining farms. Plaintiff dealt largely in horses and mules. On each of the occasions mentioned, defendant was complaining of him for letting his stock out on the road; said his own fence was broken down and his corn eaten by them; threatened to prosecute him for allowing them to run at large, and applied some harsh epithets to him. Among other things, he said plaintiff, was stealing the grass growing on the road. Hence, the witness Lochner, may have come to think the word "thief" was used. If it was, the reference was plainly to the grass, and a finding that it was not used, should not be set aside for want of evidence to support it.

The Home Guard of Missouri was a lawful organization. To belong to it was not criminal nor disgraceful. Such organizations are made up of the good and the bad. The bad, though a minority, might give it a reputation; but from the statement that such a body of men was a band of robbers, no sensible person would understand the speaker to mean that any particular member or that every member was a robber. It would be so understood only in reference to a body understood to be organized for robbery. The Home Guard of Missouri was not so understood. To say of plaintiff, then, that he belonged to that body and it was a band of robbers, was no more than to suggest that perhaps, it might be, that he was a robber, or associated with others in the commission of robbery. We think that is all he was shown to have said on that subject, and that it is not actionable *per se*. No special damage was alleged.

Upon this ground, the second refused instruction asked for the plaintiff was bad; and all that was good in the first was contained in the fourth and fifth given.

It is said that these, with two others, were improperly modified by interpolating, in some instances one, and in others both, of the words "falsely" and "maliciously" in

phrases "If the jury believe from the evidence that the defendant falsely and maliciously spoke the following words," etc., as requiring express proof that the slanderous charge was false and malicious.

In this case the words charged were treated as actionable *per se*—of themselves and unexplained, importing crime. But even such words, to be slanderous, must be falsely and maliciously spoken. There was, therefore, no impropriety in the interpolation of those words to characterize the speaking. The complaint is, that the jury is required to find these characteristics from the evidence. But how can they find any fact except from evidence, or what stands for evidence? The court fully and properly advised the jury as to the legal presumption, standing for evidence, and conclusive evidence, of falsity, malice and damage, applicable under the pleadings.

In the seventh instruction for plaintiff, which was given as asked, a part of the hypothesis is "and that the slanderous words uttered by the defendant were maliciously spoken."

We see no error in the modifications complained of. Several of those given for the defendant are to the effect that plaintiff, to recover, must prove the words charged in the declaration, or some count thereof, which counsel insist necessarily implies all of the words so charged.

The object of these instructions, manifestly, was to emphasize the point that proof of equivalent words would not suffice. Undoubtedly the law is that proof of enough of the identical words charged to constitute subtantially the imputation of the whole, is sufficient. In this case, however, there was no occasion for the qualification. All of the words charged in any statement that any attempt was made to prove, were testified to, namely, that plaintiff was "a thief," that he "belonged to a band of cut-throats, horse-thieves and robbers," and that he "belonged to a band of cut-throats, horse-thieves and robbers in Missouri." Probably for that reason it was not asked by plaintiff. Its omission was harmless.

The direction concerning a special finding in defendant's instruction was also given in those numbered ten and eleven for plaintiff. He therefore can not complain of it, if it is improper, which we do not concede. It does not call for any opinion, but a finding as to a material and ultimate fact.

Objection was sustained to two questions put to defendant on cross examination. They were in substance alike, and nearly so in form. It had been put in better form and answered once already. These assumed what the witness had not said, and his opinion of plaintiff's honesty which he had not given.

Finding in the record no material error on the part of the court and believing that upon the evidence justice was done, the judgment will be affirmed.