## COMES *v.* CRUCE.

Opinion delivered January 6, 1908.

LIBEL,—PUBLICATION AFFECTING CLASS.—A complaint which alleges that a publication reflecting upon a class of people is libelous fails to state a cause of action if there is nothing in the article that by proper in-. ducement and colloquium can be shown to apply personally to the plaintiff.

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; affirmed.

### STATEMENT BY THE COURT.

The appellant brought this suit against the appellee to recover five thousand dollars damages, alleged to have been sustained by what he terms a libelous publication in *The Morrillton Democrat,* a newspaper published by appellee. A demurrer was sustained to the complaint, and, appellant having elected to stand upon the pleadings, judgment was entered accordingly, and appeal taken.

The complaint was as follows:

"The plaintiff, J. A. Comes, states that he is a resident of the city of Morrillton, in Conway County, Arkansas, and has lived in said city and its immediate vicinity for a great many years. That for more than ten years he has been engaged in growing grapes and making wine therefrom and legally selling it to the citizens of Morrillton and vicinity thereof. That his business of a grower of grapes and selling wine made by him from such grapes as aforesaid was at and before the date hereinafter mentioned well known to the defendant, C. E. Cruce, and the people generally in and near the city of Morrillton. That he at no time sold any but pure grape wine, made by himself from grapes grown by himself, and was not engaged in any violation of the law. That a few days prior to the 30th day of October, 1906, a white man was killed by a negro or negress near the Arkansas River near the city of Morrillton. That said killing became known to the entire community within a few hours after it occurred, and was the cause of great talk, excitement and discussion, and was known and talked of continuously by the entire community up to, including and after the 30th day of October, 1906. That the defendant for many years prior to and since the 30th day of October, 1906, aforesaid, edited, printed and published at said city of Morrillton a newspaper called the '*Morrillton Democrat,*' which paper was read by great numbers of the people of Morrillton, Conway County, and throughout the State of Arkansas and elsewhere. That in the regular edition of said paper published on the 30th day of October, 1906, the defendant wrote, published, and printed and circulated the following article, towit:

" 'The killing near the river Saturday evening was the result of the wine joints that are now in operation here. The first

trouble which led up to the killing occurred in one of these joints, so we understand, and the decoction sold as wine so inflamed the passion of the negroes that they were in the right condition to commit any crime or go any length to resent or revenge any imaginary grievance. Our people must take up this matter with the next Legislature and get relief. The wine law was passed to encourage the growing of grapes and the sale of the wine at the vineyard, but the letter of the law is so broad, or has been so construed by our courts, that joints have sprung up, and in a mad scramble for dollars the spirit of the law is lost sight of. We believe, if the law was enforced as intended, and those who have vineyards be allowed to make up their own grape into wine and sell it at the vineyard, there would be no one injured and many benefited; but, as it is now construed, those who so desire open up a wine saloon, sell what they make, buy all they can, and it is the general opinion, even of those who use the wine, that it is adulterated and much of it possibly never saw a grape. The law must be amended so the people can control this evil, the growers of grapes must protect themselves in this matter, or the entire law will be repealed and wine placed under the ban alongside of whisky.'

"That said article was intended to and did refer to this plaintiff and his business and place of business, and was so understood by great numbers of people of Morrillton and elsewhere. That by the publication of said article defendant intended to and did charge plaintiff with the violation of the liquor laws of the State, with falsely and fraudulently selling adulterated and impure wine, with cheating and defrauding those who bought from him, and with dishonest and fraudulent business conduct and with conducting a disreputable business and place of business, and said article was so understood by great numbers of the people of Morrillton and elsewhere. That said article in its reference to plaintiff was false and malicious. That, it being known to refer to plaintiff by the great numbers who read it, it tended to and did bring plaintiff into reproach and discredit, and cause him to be less respected by the people of Morrillton and elsewhere. That by reason of the publication of said false and libelous article he has been damaged in the sum

of five thousand dollars, and prays judgment therefor and for other relief."

*Sellers & Sellers,* for appellant.·

1.  The complaint is sufficient in form:  (1) As to the inducement.  Townshend on Slander, 3 Ed., 554; *Id.* 562; *Id.* 556; 13 Enc. Pl. & Pr. 32; *Id.* 40; 18 Am. & Eng. Enc. of L. 2 Ed. 979; 25 Cyc. 436; Kirby's Dig. § 6134.  (2) As to the colloquium.  Townshend on Slander, 3 Ed. 567; 13 Enc. P. & Pr. 39; 18 Am. & Eng. Enc. of L. 2 Ed., 980; 12 Ohio 251; 4 Ark. 110.  The colloquium in the complaint: "That said article was intended to and did refer to this plaintiff and his business and place of business," is sufficient under the rule.  (3) As to the publication.  The complaint alleges the publication to be both false and malicious.  Townshend, Slander, 3 Ed., 569; *Id.* 572; 25 Cyc. 446; *Id.* 444.  (4) ·The defamatory matter is set out *in haec verba.*  Townshend, Slander, 3 Ed., 573; 25 Cyc. 447. (5) It is sufficient as to the innuendo.  Townshend, Slander, 3 Ed., 580; *Id.* 582; 25 Cyc. 449; 18 Am. & Eng. Enc. of L. 2 Ed., 981.  (6) As to the allegations of damages.

2.  The article charges an indictable offense, and is libelous per se.  Kirby's Dig. § § 5095-7; 4 Words & Phrases, Def. 3577; 55 Ark. 494; 25 Cyc. 276, and note 36; 91 U. S. 225; 3 How. (U. S.) 291; 23 Am. St. Rep. 188; 36 S. W. 765; 91 N. Y. 83; 120 Fed. 741; 18 Tex. Cir. App. 296.  The illegal sale of intoxicants involves moral turpitude.  2 Sneed (Tenn.) 473.  And to charge a violation of the liquor law is held to be *per se* actionable.  *Supra;* 97 Me. 568; 5 Pa. Super. Ct. 550.

It is not necessary that written words amount to a charge of crime.  25 Cyc. 269, 250, 253.

3.  Words oral or written touching one in his trade or business need not impute a crime.  18 Am. & Eng. Enc. of L. 2 Ed. 948; *Id.* 958; *Id.* 969; 4 Ark. 110; Townshend, Slander, 3 Ed., § § 192, 182.

*W. P. Strait,* for appellee.

The article plainly refers to a class, and no individual of that class has a right of action.  17 Wend. (N. Y.) 49; 25 Id. 186; 16 Pick. (Mass.) 135; 12 Utah 439; 13 Enc. Pl. & Pr. 29; 48 N. H. 211; 18 Am. & Eng. Enc. of L. 2 Ed., 1058.  To

justify an action for libel, some particular person must be referred
to.   I Y. & J. 480; 4 Bing. 162; 5 Blatchf. (U. S.) 532; 66 Cal.
680; 57 Conn. 86; 4 Ga. 14; 57 N. E. 46.

Wood, J., (after stating the facts).   The writing clearly
refers to a class.   There is no language in the writing which in-
dividualizes the appellant unless it be the following: "The first
trouble which led up to the killing occurred in one of these
joints, so we understand."   But this language alone contains
nothing libelous, and, when connected with other parts of the
article, it does not appear that any individual was referred to
as having violated the law, or that the business of any individual
as distinct from a class, was specified as being illegal and ob-
noxious to the penalties denounced by the law against those
who sell adulterated wine.   The publication, as a whole, affects
only a class, and no malice or ill-will of any kind could be
legitimately construed to be indulged toward any individual of
that class and directed towards him.   There being nothing in
the article that by proper inducement and colloquium can be
given personal application to appellant, the court was correct in
holding that no cause of action was stated.   *Sumner* v. *Buel*,
12 Johns. Rep. 475; *White* v. *Delavan*, 17 Wend. (N. Y.) 49;
*Ryckman* v. *Delavan*, 17 Wend. N. Y. 186 (this case ques-
tions somewhat *Sumner* v. *Buel*, *supra*).   See *Palmer* v. *Con-
cord*, 48 N. H. 211; 25 Cyc. pp. 363, 426, and cases cited;
*Story* v. *Jones*, 52 Ill. App. 112; *Hauptner* v. *White*, 80 N. Y.
Sup. 895; Newell on Libel & Slander, 257, 258; *Ellis* v. *Kim-
ball*, 33 Mass. 132.

Affirmed.