### ADAMS v. CARRINGTON PUB. CO.

(Circuit Court, D. Connecticut. May 5, 1908.)

No. 619.

LIBEL AND SLANDER—ACTION FOR LIBEL—SUFFICIENCY OF COMPLAINT.

A complaint in an action for libel alleged that an association had been formed for the purpose of purchasing and preserving a building in Philadelphia as a memorial to Betsy Ross, the maker of the first American flag; that a plan for raising the money was devised by which Adams & Co., of which plaintiff was a member, was to issue and sell certificates of membership in the association, assuming all financial obligations and turning over to the association a fixed percentage of the profits; that about 1,000,000 certificates had been issued and sold, and plaintiff was prominently known throughout the country in connection with the plan and with Adams & Co., and his name appeared on the certificates. Held, that such allegations were sufficient, as against a demurrer, to show that

a statement, in an article published relating to the matter, that "$70,000 of this amount has been used by the enterprising individuals who have been passing the hat or getting other people to pass it," referred to plaintiff or the partnership of which he was a member; also that it was libelous per se.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 80–90.]

At Law. On demurrer to complaint.

Hungerford, Hyde, Joslyn & Gilman, for plaintiff.

George D. Watrous and Henry H. Townshend, for defendant.

PLATT, District Judge. The demurrer attacks the complaint on several grounds, of which the important ones (stated in my own words) are as follows: (1) That the alleged libelous article cannot be said, from anything which appears in the complaint, to have been published of and concerning the plaintiff. (If it is narrower than that, and is confined to the article alone, without extrinsic facts set forth in the complaint, then there is no merit in the contention, because the admitted facts must be taken into account). (2) That the article is not libelous per se, and therefore an allegation setting forth special damages is necessary and absent. (3) That, looking at the complaint as a whole, it appears that the article contains a substantially true statement of actual facts, and that nothing worse can be said about it than that it carries on its face a taint of sneering, and is a proper matter to have been presented to the readers of the paper as a warning; in short, that it does not hold the plaintiff up to public contempt, ridicule, or reproach, even if it does call the reader's attention to him.

I am satisfied that, if it can be said to have applied to the plaintiff, it is without doubt libelous per se. If the intelligent reader, knowing the facts, would come to the conclusion that it applied to the plaintiff, or to the partnership which he dominated, he is entitled to general damages. Among others, the following facts are admitted by the demurrer: As a memorial to Betsy Ross, the maker of the first American flag, the original building in Philadelphia was to be purchased and preserved. For this purpose an association was formed and a plan devised by Adams & Co., consisting of the plaintiff and one Weisgerber. Souvenir certificates of membership in the association were to be issued at a cost of 10 cents each, and the names of the purchasers placed on a roll of honor. A painting showing the "Birth of our Nation's Flag" was to be prepared, and reproductions thereof were to be delivered to every one who should hand in a list of 30 subscribers, with the 10 cents given by each. From the amounts so collected the firm of Adams & Co. were to turn over to the association, as a donation, a certain fixed amount of the net profits. Adams & Co. had the sole charge of the plan, and no financial obligation rested upon the association. This plan had been put into operation, and about 1,000,000 certificates had been issued. Adams & Co. had collected the moneys, paid the bills, and turned over to the association, as a donation, certain moneys as agreed. The name of the plaintiff, John Quincy Adams, was prominently identified and well known throughout the country in connection with the plan, and it was also well known that Adams & Co.

had the sole charge of the receipts and collections of money for the certificates, and the plaintiff's name appeared on the certificates. It is fair to assume that, if 1,000,000 certificates had been issued in the country, a reasonable number had found their way into the neighborhood where the defendant's paper circulated. This being so, and the other facts stated being admitted, it is not for the court to say that none of the readers might have seen an allusion to Adams & Co. in the language, "$70,000 of this amount has been used by the enterprising individuals who have been passing the hat, or getting other people to pass it." It was conceded on the argument that, if these words applied to the firm, the plaintiff as a member of the firm has a right of action, if one exists under the complaint.

The demurrer is overruled.