### BLOODWORTH *v.* TIMES PUBLISHING COMPANY.

### Opinion delivered March 26, 1917.

LIBEL AND SLANDER—SUFFICIENCY OF COMPLAINT.—Appellee published an article entitled "The Knocker's Prayer." Plaintiff brought an action for libel against appellee, setting out that the word "knocker" referred to him, and that the meaning and intent of the article was that it called plaintiff a liar, a coward and a thief. *Held,* a demurrer to the complaint should have been overruled.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney,* Judge; reversed.

*C. T. Bloodworth,* for appellant.

It was error to sustain the demurrer. The case in 85 Ark. 79 is not in point. See 30 S. W. 807; 25 Cyc. 578. The article was libelous *per se.*

No brief filed for appellee.

STATEMENT BY THE COURT.

C. T. Bloodworth instituted this suit against the Times Publishing Company. He alleged that the defendant is a corporation under the laws of Arkansas; that it is engaged in the business of printing and publishing a newspaper of general circulation in Corning and Clay county, Arkansas, and was so engaged about the 12th day of February, 1915; "that plaintiff is a citizen of Corning, Clay county, Arkansas; that on or about the 12th of February, 1915, the defendant wrongfully, unlawfully and wilfully and maliciously, with the intent to libel and injure this plaintiff in the good opinion of his fellow citizens and friends and expose him to public satire, contempt and ridicule, printed, published and circulated in Corning and in Clay county, about the plaintiff, the following article, towit:

"'The Knocker's Prayer. Lord, please don't let this town grow. I've been here for many years, and during that time I have fought every public improvement. I've knocked on everything and everybody. No firm or individual has established a business here without my doing all I could to put them out of business. I've lied about them, and would have stolen from them, if I had the courage. I am against building a new church, even though I gave nothing. I am against the electric light franchise being granted to George Booser, George Washington, or George Jim Tom. It pains me, oh Lord, to see that in spite of my knocking the town is growing. Then, too, more people might come here which would cause me to lose some of my pull. I ask, therefore, to keep this town at a standstill, that I may continue to be one of the chiefs. Amen.'

"Plaintiff further states that said article was published in the Clay County Times, a newspaper of general circulation in Corning and Clay county, Arkansas, and owned, printed and published by said defendant; that the defendant, by the word 'Knocker,' meant this plaintiff and directly referred to this plaintiff in the

same issue of his paper as a 'Knocker,' and stated that this plaintiff 'had knocked on every enterprise that came along'; that wherever the word 'I' is used in said article, as above set out, they refer to this plaintiff; and that the general public and friends and acquaintances of this plaintiff so understood that said article referred to this plaintiff; that the meaning and intent of said article and the understanding conveyed to the public in general, was that it called the plaintiff a liar, a coward and a thief; and that said article is false and a libel on this plaintiff.

"Plaintiff further states that by reason of the said wilful, malicious and false publication and circulation among his friends and acquaintances, as aforesaid, he suffered great humiliation and mental anguish to his damage in the sum of five thousand dollars.

"Plaintiff further states that the said publication and circulation was wilful and wanton and done with malice and intent to injure this plaintiff, and therefore asks as punitive damages therefor the sum of five thousand dollars. Wherefore, he prays judgment against said defendant for the sum of ten thousand dollars and for all proper relief."

The defendant filed a general demurrer to the complaint, which the court sustained, and entered a judgment dismissing the complaint, from which this appeal comes.

WOOD, J. (after stating the facts). In the case of *Comes v. Cruce*, 85 Ark. 79, we held that a publication reflecting upon a class of people is not libelous if there is nothing in the article that by proper inducement and colloquium can be shown to be personal to one who sets up such publication in a suit against the publisher for the libel. In that case the article of which complaint was made referred to a certain killing as the result of "wine joints that are now in operation in the city of Morrilton"; and stated, that the wine sold was adulterated and calculated to inflame the passions of negroes and cause them to commit any crime. The plaintiff

in that case was engaged in the growing of grapes and making wine therefrom and legally selling the wine thus made to the citizens of Morrilton and vicinity. He brought suit for libel against the newspaper that published the article referring to "wine joints" and it was upon these facts that we held that the complaint did not state a cause of action, because there was nothing in the article by way of inducement or colloquium that applied personally to the plaintiff.

In the case at bar, however, the facts alleged in the complaint were entirely different. The article designated "The Knocker's Prayer," containing the libelous matter, refers to a class, and if the complaint had only alleged that the article was intended to and did refer to the plaintiff, then the case at bar would have been like the case of *Comes* v. *Cruce, supra.* But the complaint under review here goes further and alleges not only that the defendant, by the word "Knocker" meant to refer to the plaintiff, but it also alleges that the defendant "directly referred to this plaintiff in the same issue of his paper as a 'knocker' and stated that this plaintiff had knocked on every enterprise that came along; that wherever the word 'I' is used in said article, as above set out, they refer to this plaintiff; that the meaning and intent of said article was that it called the plaintiff a liar, a coward and a thief."

These latter allegations expressly put the plaintiff in the class designated as "knocker," and furnish the necessary colloquium, showing that the libelous words in the article were intended to and did apply to the plaintiff.

In *Comes* v. *Cruce, supra*, we said: "The publication, as a whole, affects only a class, and no malice or ill will of any kind could be legitimately construed to be indulged toward any individual of that class and directed toward him." But here the allegations of the complaint show that the plaintiff was referred to as a "knocker" and thus put in a class designated in the article as "knocker," which, if proved as alleged, con-

tains matter that if false constituted a libel on the plaintiff.

The complaint therefore stated a cause of action, and the demurrer should have been overruled. The judgment is therefore reversed and the cause is remanded with directions to overrule the demurrer.