HUGHES *et al. v.* GULLY, STATE TAX COLLECTOR.

(Division B.   March 19, 1934.)

[153 So. 528.   No. 31115.]

**Maynard, FitzGerald & Venable,** of Clarksdale, **J. Morgan Stevens,** of Jackson, and **Means Johnston,** of Greenwood, for appellants.

**Barbour & Henry,** of Yazoo City, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This case is governed by the principles announced in the case of J. B. Gully, State Tax Collector, v. Pearl McClellan (Miss.), 153 So. 524, the allegations of the bill being, in all respects, substantially the same.

I desire to say, in this case, with reference to the case of Miller v. Tucker, 142 Miss. 146, 105 So. 774, that although it was decided, as to the many claims therein involved, by a divided court, the decisions of the lower court was affirmed as to all cases where there was a mere failure to comply with statutory directions; and that the

law there announced is a judicial precedent under Robertson, Rev. Agt., v. Miss. Valley Co., 120 Miss. 159, 81 So. 799, wherein the court announced that where a decision was rendered by a divided court, it was a precedent and binding until it should be overruled. My view in the case of Miller v. Tucker, supra, was that the decision in the case of Paxton v. Baum, 59 Miss. 531, had been modified by statutory enactment now contained in section 197, Code 1930. The statute construed in Miller v. Tucker was reenacted without change, and, by so doing, the legislature adopted the construction placed upon it, which is now binding upon the court. Burks v. Moody, 141 Miss. 370, 106 So. 528, 107 So. 279; Womack v. Central Lumber Co., 131 Miss. 201, 94 So. 2; Henry v. Henderson, 103 Miss. 48, 60 So. 33; Hamner v. Yazoo Delta Lumber Co., 100 Miss. 349, 56 So. 466; White v. I. C. R. R. Co., 99 Miss. 651, 55 So. 593; Shotwell v. Covington, 69 Miss. 735, 12 So. 260; Hoy v. Hoy, 93 Miss. 732, 48 So. 903, 25 L. R. A. (N. S.) 182, 136 Am. St. Rep. 548, 17 Ann. Cas. 1137.

Every judge of this court is free to dissent once. Speaking for myself, when I dissent and give the reasons therefor in one case, unless a majority of the court thereafter sees proper to change the rule announced, I consider myself bound by it. If, after putting my views in the books, the bench and bar fail to be convinced thereby, I acquiesce and surrender my views, considering myself bound by the opinion of the majority of the court, which I consider the voice of the state. I would not vote to overrule any decision thus rendered, unless it fell within the rule of not only being wrong, but mischievous; and if the legislature reenacted the governing statute without change, I do not consider myself privileged to overrule a decision thus adopted by the legislature.

Applying the rule announced in Gully v. McClellan, supra, leads to a reversal and dismissal in the case at bar.

Reversed and dismissed.