MONTGOMERY WARD & CO., INC., *et al. v.* HIGGINS.

(In Banc. Feb. 24, 1947. Suggestion of Error Overruled April 14, 1947.)

[29 So. (2d) 267. No. 36293.]

468

Jackson & Young, of Jackson, and **Stuart L. Ball** and **David L. Dickson,** both of Chicago, Ill., for appellants.

470

Barnett, Barnett, Jones & Stone, of Jackson, for appellee.

474

Argued orally by **David L. Dickson,** for appellants, and by **Ross R. Barnett,** for appellee.

**Alexander, J.,** delivered the opinion of the court.

This case is a sequel to the appeals by the present appellants in the Skinner and Blakely cases, reported respectively in Montgomery Ward & Co. v. Skinner, 200 Miss. 44, 25 So. (2d) 572 and Montgomery Ward & Co. v. Blakely, 200 Miss. 81, 25 So. (2d) 585. These cases involve an alleged slander by the appellants against all three of said plaintiffs, whereby it was charged that ''one

of the three'' had ''trifled with the money'' of appellant ''with ill intentions.''

We need not discuss the evidence, which followed the pattern set in the former cases. The views of the several members of the Court upon the matters heretofore assigned as error are consistently maintained. Wherefore, we consider only the assignment that the trial court erred in excluding the testimony, thrice offered, that appellant Burnie was acting in the premises in the light of information that the hidden check had been given to one of the three plaintiffs and not to one of the two remaining employes.

The maker of the check, Mrs. Jones, had explained to Mr. Catchings, one of such employees, that the check had been given to a young woman, thus eliminating all but those from whom Burnie made inquiry and against whom he made the accusation that one of this smaller group had been at fault. This information, communicated to Prenger, the store manager, and Burnie, his assistant, is to be seen not as condemned by the hearsay rule but as a fact whose truth is not as relevant as the right of Burnie to act upon it.

We have heretofore held that the occasion was one of qualified privilege, and therefore the issue of malice becomes predominant. The jury were entitled to consider Burnie's acts and statements in the light of the reasonableness of the explanation afforded by this information. If the jury should believe Burnie acted under reasonable suspicion and was justified in his investigation, the use of intemperate language would not of necessity destroy the privilege. The writer is of the opinion that, regardless of the inapt and undiplomatic, even heartless, manner in which Burnie pursued his investigation, and the accidental presence of third parties who may have overheard the conversation, the status of the occasion as one of qualified privilege rendered such circumstances incidental and without legal effect, as held in Scott-Burr Corporation v. Edgar, 181 Miss. 486, 177 So. 766 and C.

I. T. Corporation v. Correro, 192 Miss. 522, 6 So. (2d) 588. This view is not shared by a majority of the Court and not part of our decision. A majority agree, however, that it was error to exclude this testimony, so closely allied as it is to the narrow issue of malice.

The error of the trial court is reflected also in the granting of plaintiff's second instruction which directed a verdict for plaintiff in the event the charges made by Burnie were untrue or that he "knew or should have known by the exercise of reasonable care that such charges were untrue."

The contention that the instructions did not require that the language proven must be that alleged, and not merely synonymous, is rendered moot by the disclosure that the allegata and probata were in fact identical.

Much testimony was aduced to show the personal reactions of the plaintiff to' the accusations, the loss incident to her discharge, and the humiliation incident to her own republication of the charges. It is true that much of this was properly excluded by the trial judge, but only after its impact upon the jury. It is assumed that upon a second trial the risk of a residual prejudice will be avoided by disallowing its introduction.

Reversed and remanded.

**Sydney Smith, C. J.**, delivered a dissenting opinion.

The excluded evidence may have been competent but if so its exclusion was about as harmless an error as the court below could have here committed. It would have taken very much more than this evidence to have induced the jury to believe or to seriously think for a moment that Burnie was justified in, or had a good excuse for, using the rude and heartless words spoken by him of and to the appellee, and, therefore, that they were spoken by him innocently, i. e. without malice or ill-will toward the appellee.

The judgment should be affirmed.

**McGehee, J.,** delivered a dissenting opinion.

I fully concur in the view expressed by the CHIEF JUSTICE in his dissenting opinion herein, and I desire to state further that in my judgment the excluded evidence could not have in anywise affected the question of liability if the jury had been permitted to consider it. If it should be assumed that the defendant Burnie had known for certain that either of the three salesladies in question had placed the money and check under the plaque at the cash register where it was found by one of them and reported, he would have had no right to have accused them alternatively or collectively with having ''trifled with the money,'' and ''with ill intentions.'' The fact that he may have had reasonable cause for eliminating the employees other than these three salesladies would have furnished no basis for the charge above mentioned, in view of the fact that the act of leaving the money and check under the plaque was manifestly a mere act of carelessness on the part of whoever may have placed it there.

I think that the excluded evidence was competent, but I am unable to see how its exclusion could have, or should have, affected the result of the trial.

**Sydney Smith, C. J.,** concurs in this dissent.