# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-00617-SCT

*HUFF-COOK, INC. (SETTLERS LIFE INSURANCE
COMPANY), PEOPLES BENEFIT LIFE
INSURANCE COMPANY AND VETERANS LIFE
INSURANCE COMPANY*

**v.**

*GEORGE DALE, COMMISSIONER OF INSURANCE
OF THE STATE OF MISSISSIPPI, IN HIS CAPACITY
AS LIQUIDATOR OF FIRST NATIONAL LIFE
INSURANCE COMPANY OF AMERICA,
MISSISSIPPI LIFE AND HEALTH INSURANCE
GUARANTY ASSOCIATION AND NATIONAL
ORGANIZATION OF LIFE AND HEALTH
INSURANCE GUARANTY ASSOCIATIONS*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/17/2004 |
| TRIAL JUDGE: | HON. WILLIAM HALE SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | ALEX A. ALSTON, JR. |
| | BRIAN I. HAYS |
| | RANDALL A. HACK |
| | FORREST B. LAMMIMAN |
| ATTORNEYS FOR APPELLEE: | REBECCA SUZANNE BLUNDEN |
| | CHARLES G. COPELAND |
| | DAVID L. MARTIN |
| | RICKY G. LUKE |
| | KRISTINA M. JOHNSON |
| | C. YORK CRAIG, JR. |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | VACATED AND REMANDED - 05/05/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., GRAVES AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     This instant appeal arises out of the liquidation of First National Life Insurance Company of America ("FNL"), which is currently proceeding in the Chancery Court of the First Judicial District of Hinds County, Mississippi.

¶2.     The liquidation of FNL was caused by a scheme to defraud companies out of hundreds of millions of dollars.

¶3.     Huff-Cook, Inc.[1] ("Settlers"), Peoples Benefit Life Insurance Company ("Peoples"), and Veterans Life Insurance Company ("Veterans") (collectively "Claimants") filed claims in the FNL's liquidation estate for the respective amounts they paid to FNL.  The liquidation estate accepted and classified the claims as Class 6 priority, which, pursuant to Miss. Code Ann. § 83-24-83(b), covers claims of ceding insurance companies.

¶4.     Thereafter, on March 11, 2002, Claimants filed a petition for declaratory relief in FNL's liquidation proceeding in the Chancery Court of the First Judicial District of Hinds Count, Mississippi.  In this petition, they asked the trial court to impose constructive trusts in their favor over certain properties that they allege are traceable as their transferred funds, or alternatively, to declare their classification as secured creditors, which is above Class 6 for the distribution of the liquidation estate assets.  On May 10, 2002, George Dale, the Commissioner of Insurance for the State of Mississippi ("Commissioner Dale" or "Liquidator") filed his answers and defenses asking the trial court to dismiss Claimants' petition.

---

[1] Huff-Cook, Inc. was formerly known as Settlers Companies, Inc.

¶5.     On June 25, 2003, the Liquidator filed a motion for protective order, stay and discovery conference seeking a stay of deposition discovery on the basis that the Liquidator possibly intended to file a Mississippi Rule of Civil Procedure 12(c) motion for judgment on the pleadings.  Claimants filed a response in partial opposition to and partial support of liquidator's motion on July 7, 2003.

¶6.     On September 15, 2003, the Liquidator filed a Rule 12(c) motion for judgment on the pleadings as to the declaratory petition of Claimants.  In this motion, the Liquidator asserted that constructive trusts are not recognized in insurance liquidation because they would defeat the legislative purpose of Miss. Code Ann. § 83-24-83.  On October 20, 2003, Claimants responded arguing that constructive trust have long been applied by courts in insolvency, receivership and bankruptcy proceedings, and that nothing in the Liquidation Act stripped them of their property rights or granted the Liquidator greater rights in the properties than FNL itself would have had if FNL were not in liquidation.  Alternatively, Claimants again argued that they were Class 2 secured creditors, rather than Class 6 unsecured creditors.

¶7.     A hearing was held on the Liquidator's motion for judgment on the pleadings on January 21, 2004.  On February 4, 2004, without prior notice or the opportunity to present evidence, the chancery court, sua sponte, converted the Rule 12(c) motion for judgment on the pleadings into a Rule 56 motion for summary judgment and entered an order granting summary judgment in favor of Commissioner Dale, thereby dismissing Claimants' petition for declaratory relief and finding, as a matter of law, that Claimants' theory of recovery was improper due to the Liquidation Act's comprehensive nature.  The court also found that Claimants are no different than any other claimant and are therefore, subject to the Liquidation Act.

¶8.     Subsequently, on February 25, 2004, the court entered a Mississippi Rule of Civil Procedure 54(b) final judgment dismissing Claimants' petition for declaratory relief. Claimants appealed raising the following issues, which have been restated for clarity:

> I.    Whether the chancery court erred as a matter of law in holding that the Claimants, conceded victims of a fraud perpetrated by a failed insurance company and who can trace their property to funds held in forfeiture proceedings, cannot recover their property through a constructive trust.

> II.    Whether the chancery court, in granting summary judgment without addressing the Claimants' claims as secured creditors, erred as a matter of law in holding that funds subject to a constructive trust do not give rise to a secured claim as defined in Miss. Code Ann. § 83-24-7(p).

> III.   Whether the trial court erred in converting, sua sponte, the motion for judgment on the pleadings into a motion for summary judgment.

¶9.     Because the issue regarding the trial court's sua sponte conversion of the Mississippi Rule of Civil Procedure 12(c) motion for judgment on the pleading into a Mississippi Rule of Civil Procedure 56 motion for summary judgment without ten-days' notice to Claimants is dispositive of this appeal, the remaining issues will not be addressed.

## DISCUSSION

¶10.    The standard of review is the same for Rule 12(c) and Rule 56 in that the "non-moving party is favored in the review of the facts." *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1209 (Miss. 2001) (citations omitted). The standard of review we employ for both a Rule 12(c) motion for judgment on the pleadings and a Rule 56 motion for summary judgment is de novo. *Id.* Therefore, this Court sits in the same position as did the lower court. *Bridges ex rel. Bridges v. Park Place Entm't*, 860 So. 2d 811, 813 (Miss. 2003). Unlike a Rule 56 motion for summary judgment, a Rule 12(c) motion for judgment on the pleadings is

4

decided on the face of the pleadings alone. *Hartford Cas. Ins. Co.*, 826 So. 2d at 1210. On a Rule 12(c) motion, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond any reasonable doubt that the non-moving party will be unable to prove any set of facts in support of the claim which would entitle the non-moving party to relief. *Park Place Entm't*, 860 So. 2d at 813.

¶11.    Pursuant to Rule 12(c), either party can move the court for a judgment based on the pleadings alone. Miss. R. Civ. P. 12(c). A motion for judgment on the pleadings may be treated as one for summary judgment under Rule 12(c), which states in pertinent part:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, *and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56; however, if on such a motion matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall be granted in accordance with Rule 15(a).*

Miss. R. Civ. P. 12(c) (emphasis added).

¶12.    Rule 56 states in pertinent part:

> A party *against whom . . . a declaratory judgment is sought may*, at any time, <u>move</u> with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.
>
> * * *
>
> *The motion shall be served at least ten days before* the time fixed for the hearing.

Miss. R. Civ. P. 56(b)-(c) (emphases added).

¶13.    Claimants maintain that the trial court erred in converting, sua sponte, Commissioner Dale's Rule 12(c) motion for judgment on the pleadings into a Rule 56 motion for summary

5

judgment without giving them the required notice and an opportunity to present evidence outside of the pleadings in support of their claim.

¶14.    Commissioner Dale argues that to the extent that Claimants are "seeking reversal solely because Judge Singletary ruled on Commissioner Dales [sic] Rule 12(c) motion as if it were a motion for summary judgment, the Court reviews that decision for an abuse of discretion." We disagree with Commissioner Dale's argument regarding the standard of review, not only because this is the incorrect legal standard, but also because he has failed to cite any relevant authority to support this statement.[2]  *See generally **Williams v. State***, 708 So. 2d 1358, 1362-63 (Miss. 1998) (failure to cite relevant authority obviates the appellate court's obligation to review such issues).

¶15.    On January 21, 2004, a hearing was held on Commissioner Dale's motion for judgment on the pleadings.  At the beginning of this hearing, counsel for Commissioner Dale stated:

> Well, as the Court knows, Your Honor, *what we have before the Court today is a motion for judgment on the pleadings.  It's a motion for judgment on the pleadings*, is a response to a petition for declaratory judgment that has been filed by three life insurance companies within the penumbra of the liquidation estate for First National Life.  Both sides have briefed the issue.  Of course, we filed a motion and they filed a response.  Both sides have briefed it, but I believe that it would be beneficial for the Court for oral argument, *and that's what we have planned on today, was just to present some argument to you.*

---

[2] Although Commissioner Dale does cite relevant authority for the standard of review this Court employs when reviewing a trial judge's actual grant or denial of summary judgment, he does not cite any relevant authority for his proposition that the abuse of discretion standard applies when the trial judge converts, sua sponte, a Rule 12(c) motion into a Rule 56 motion.

(Emphases added). Based on the record, it is without question that Commissioner Dale had not filed a motion for summary judgment, nor did he contend that he was before the trial court on a summary judgment hearing.

¶16. On appeal, Commissioner Dale avers that the only documents discussed at this hearing and relied upon by the parties were attachments to Claimants' petition for declaratory relief, and no facts were presented outside the Claimants' petition for declaratory relief and its attachments which were the reinsurance agreements between FNL and Claimants.

¶17. Following the hearing on February 4, 2004, the trial judge entered an order treating the Rule 12(c) motion as a Rule 56 summary judgment motion and granting summary judgment. Subsequently, on February 25, 2004, the trial judge entered a Rule 54(b) final judgment dismissing Claimants' claims presented in their petition for declaratory judgment.

¶18. In *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 649 So. 2d 179, 181-83 (Miss. 1995), this Court held the grant of summary judgment amounted to reversible error both because (1) the defendant did not file a motion for summary judgment and the plaintiff, thus, never received notice of a summary judgment hearing, (2) plaintiff did not receive notice of the trial court's intent to convert the defendant's motion for judgment on the pleadings to one for summary judgment, and (3) that even if the trial judge, sua sponte, converts a Rule 12 motion into a Rule 56 motion for summary judgment, Rule 56 requires ten days' notice of the trial court's intention to conduct a summary judgment hearing on a date certain.[3] *Id.* at 183.

---

[3] This Court held that "[t]here is no reason to distinguish between the requirements of affording the non-moving party ten days notice to file opposing affidavits and materials when a Rule 12(c) motion has been converted to a Rule 56 motion for summary judgment as opposed to when the trial judge has, sua sponte, converted a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment." 649 So. 2d at 183.

¶19. Whenever a motion for judgment on the pleadings is converted into a summary judgment motion, the requirements of Rule 56 become operative; and therefore, it is important for the trial court to give the parties notice of the changed status and a "reasonable opportunity to present all material made pertinent to such motion by Rule 56." *See **id.*** at 182-83 (citations omitted). Here, the parties agree that no evidence outside the pleadings was admitted or argued at the hearing, and a review of the order granting summary judgment does not state that the trial judge reviewed any material outside the pleadings.

¶20. Based on the record before us, it is without question that Commissioner Dale had not filed a motion for summary judgment, nor did he contend that he was before the trial court on a summary judgment hearing, but rather unambiguously stated: "[W]hat we have before the Court today is a motion for judgment on the pleadings." Furthermore, Claimants were not given ten-days' notice that the trial judge, sua sponte, intended to convert the Rule 12(c) motion into a Rule 56 motion. In fact, Claimants were not aware of the trial judge's intention until he issued his order granting summary judgment on February 4, 2004.

## CONCLUSION

¶21. Finding that the trial judge erred in converting, sua sponte, Commissioner Dale's motion for judgment on the pleadings into a motion for summary judgment without giving Claimants ten-days' notice of this intention, we vacate the judgment of the Chancery Court for the First Judicial District of Hinds County and remand this case for further proceedings consistent with this opinion.

¶22. **VACATED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**